811 F.2d 604
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Chester DICKERSON; Joseph Handley, Plaintiffs-Appellants,
v.
UNITED STATES TOBACCO COMPANY, Defendant-Appellee.
 No. 85-1916.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1986.
 
 1
 Before JONES and RYAN, Circuit Judges and CELEBREZZE Senior Circuit Judge.
 
 ORDER
 
 2
 The plaintiffs appeal pro se from the district court's order dismissing their prisoner's civil rights and diversity case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 At the time they filed their complaint, the plaintiffs were prisoners at the Huron Valley Men's Facility in Ypsilanti, Michigan. The defendant is a tobacco company located in Richmond, Virginia. The complaint alleges that the defendant provided free packets of tobacco to the prison for distribution to indigent prisoners. These packets were allegedly contaminated with insect parts and other unsanitary objects, causing the plaintiffs nausea, migraine headaches, halitosis, and psychological depression. The plaintiffs requested $600,000.00 in damages and injunctive relief.
 
 
 4
 The complaint cited 42 U.S.C. Sec. 1983 as one of its jurisdictional bases. The district court noted that Sec. 1983 requires the defendant's action be taken under color of state law. Day v. Wayne County Board of Auditors, 749 F.2d 1199, 1202 (6th Cir.1984). The court then held that the defendant had not engaged in state action. We agree with this conclusion of the district court.
 
 
 5
 However, even if proper jurisdiction under a federal statute or the Constitution did not exist, the record may show that proper diversity jurisdiction existed. Miller v. Davis, 507 F.2d 308, 311 (6th Cir.1974). Here the complaint did cite 28 U.S.C. Sec. 1332, the diversity statute. Moreover, the plaintiffs are residents of Michigan while the defendant is located in Virginia. Therefore, the factual allegations in the complaint do indicate the potential for proper diversity jurisdiction. Therefore, the district court must take further action in this case.
 
 
 6
 The order of the district court is vacated and the case is remanded under Rule 9(d)(4), Rules of the Sixth Circuit, for further proceedings.